Koshian, J.—Summary Judgment.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ Patrick J. O'Brien et al., Appellants, v Occidental Chemical Corp. et al., Respondents. Law Firm of Paul William Beltz, P. C., Nonparty Appellant. (Appeal No. 1.) [698 NYS2d 198] —Order unanimously affirmed with costs. Same Memorandum as in *O'Brien v Occidental Chem. Corp.* ([appeal No. 3] 266 AD2d 915 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Sanctions.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ Patrick J. O'Brien et al., Plaintiffs, v Occidental Chemical Corp. et al., Respondents. Law Firm of Paul William Beltz, P. C., Nonparty Appellant. (Appeal No. 2.) [698 NYS2d 199] —Order unanimously affirmed with costs. Same Memorandum as in *O'Brien v Occidental Chem. Corp.* ([appeal No. 3] 266 AD2d 915 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Sanctions.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ Patrick J. O'Brien et al., Appellants, v Occidental Chemical Corp. et al., Respondents. (Appeal No. 3.) [698 NYS2d 200] —Order unanimously affirmed with costs. Memorandum: Plaintiffs appeal from three orders of Supreme Court, all relating to a discovery dispute. The court did not abuse its discretion in granting summary judgment dismissing the complaint based on plaintiffs' failure to comply with prior discovery orders. Plaintiffs failed to comply with the court's initial case scheduling order of December 16, 1996 and engaged in dilatory tactics with respect to interrogatories and medical authorizations. On other occasions, plaintiffs' responses to discovery requests were erroneous or incomplete. The court gave plaintiffs several opportunities to respond to the reasonable discovery requests and, based on plaintiffs' deliberate frustration of discovery, the court's dismissal of the complaint was not an improvident exercise of discretion (*see, Frias v Fortini*, 240 AD2d 467).

The court properly imposed monetary sanctions on plaintiffs' counsel stemming from the discovery dispute (*see,* CPLR 3126; *see also, Taub v Wulwick*, 168 AD2d 492). "Discretion in compelling compliance and imposing penalties for noncompliance in discovery matters is soundly vested in the trial court" (*Associated Mut. Ins. Co. v Dyland Tavern*, 105 AD2d 892, 893). We have considered the remaining contentions of plaintiffs and conclude that they are without merit. (Appeal from Order of Supreme Court, Erie County, Burns, J.—Sum-